DAVID WOODCOCK, Appellant,

*against*

SILAS BENNET, Respondent.

*BUTLER*, for the appellant, moved to strike this cause off the calendar, on the ground, that the appellant not having filed his *petition of appeal*, addressed to the Court, it was not in a state to be placed on the calendar of causes to be heard. It appeared, that the register of the Court of Chancery had transmitted to this Court the original appeal filed in that Court, addressed to the Chancellor, together with a transcript of the proceedings in the cause in that Court. The respondent then filed, in this Court, his answer to a petition of appeal, (though no such appeal had been filed here,) and the cause was placed on the calendar by the clerk.

*Sherwood*, contra.

*Per Curiam.* The appellant must file his petition of appeal, addressed to this Court, before it can be possessed of the cause. By the rules of this Court,* that petition must be filed in the office of the register, or assistant register, with whom the decree, or order appealed from, has been entered; and he annexes to it the decree, or order appealed from; and the petition of appeal, with the matter annexed, is to be brought into this Court and filed. The *answer* of the respondent to that petition, is, then, to be filed in this Court; and the cause being at issue, may then be placed on the calendar. The motion, in the present case, must, therefore, be granted; but if the respondent is desirous of hastening the appellant, he may enter a rule, in this Court, requiring the appellant to file his petition of appeal in eight days, or be precluded.

*A cause cannot be entered on the calendar of causes to be heard, until after the petition of appeal, addressed to the Court, and the answer of the defendant to such appeal, have both been regularly filed in this Court.*

*Notices, copies of orders, affidavits, &c. may be served on the counsel for the parties in the causes, or on the agents of the attorneys of the parties; but, in the latter case, double time of service is allowed.*

* Vide 16 *Johns. Rep.* 604, Rule VII.

*Sherwood*, said, he would take a rule accordingly, and inquired whether a service of it upon the *counsel* for the appellant, would be sufficient, as his solicitor resided in a distant county.

PLATT, J. said, that it was made a question, at a former session of the Court, whether such a service was good, and the Court expressed their opinion that it was sufficient.

*Sept. 6th.*    *Per Curiam.*   Papers in this Court may be served on the *counsel* in the cause.

*Sherwood* then asked for a shorter rule than *eight* days, but the Court said he must take the usual rule.

NOTE.    *Saturday, September 7.*    The Chief Justice read an *order* respecting the service of papers in this Court, which the Court adopted, and which is, as follows : " ORDERED, that the service of all notices, copies of orders, and affidavits, in this Court, during the sitting of the Court, may be made on the counsel for the parties, and, also, on the *agents* for the attorney of the parties ; but when made on agents, double the time of service shall be allowed."

The *Chief Justice* said, that by agents, was meant *agents* in the Supreme Court.